Approved: _____
Samuel L. Raymond
Assistant United States Attorney

Before: THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York

------------------------------ X     19mag 2884

UNITED STATES OF AMERICA         :   **COMPLAINT**

    - v. -                     :   Violation of
                                     21 U.S.C. § 841
JADAIR NEWKIRK,                  :
                                     COUNTY OF OFFENSE:
                                 :   ORANGE

                  Defendant.
------------------------------ X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      ANDREI PETROV, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and charges as follows:

### COUNT ONE

### (Possession with Intent to Distribute a Controlled Substance)

      1. On or about March 20, 2019, JADAIR NEWKIRK, the defendant, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

      2. The controlled substance that JADAIR NEWKIRK, the defendant, distributed and possessed with intent to distribute was a mixture and substance containing a detectable amount of heroin and a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

      (Title 21, United States Code, Section 841.)

      The bases for my knowledge and for the foregoing charge are, in part, as follows:

      3. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been personally involved in

2

the investigation of this matter. This Affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents and others, including detectives and officers with the Town of New Windsor Police Department ("TNWPD"), the City of Newburgh Police Department ("CNPD"), the Orange County Sheriff's Office ("OCSO"), and the Orange County Drug Task Force ("OCDTF"), as well as my examination of reports and records. From this investigation, I have learned the following, among other things. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Since at least in or about December 2018, agents and officers with the FBI and local law enforcement agencies have been investigating JADAIR NEWKIRK, the defendant, for narcotics trafficking in and around Orange County.

## JADAIR NEWKIRK'S DECEMBER 26, 2018 ARREST

5. I have spoken to an officer with the Town of New Windsor Police Department ("Officer-1"), who informed me, in sum and substance and in part, the following:

a. On or about December 26, 2018, she was on patrol in Orange County in her police car. According to Officer-1, she observed a car with tinted windows (the "Vehicle") make a right-hand turn without signaling. Officer-1 followed the Vehicle; the Vehicle began to accelerate. Officer-1 then observed the Vehicle fail to stop at a stop sign, so Officer-1 turned on her police lights and sirens. When the Vehicle did not immediately stop, she called her dispatcher for backup. The Vehicle continued to drive for nearly a quarter mile until it stopped.

b. Officer-1 approached the driver's side of the Vehicle and saw that there were three occupants – a driver, a front passenger (the "Front Passenger"), and a rear passenger, sitting on the driver's side. She began speaking with the driver, who identified himself as JADAIR NEWKIRK, the defendant; Officer-1 smelled a strong odor of marijuana coming from the Vehicle. NEWKIRK said he and the other occupants had been

3

smoking marijuana. After further questioning by Officer-1, NEWKIRK agreed for Officer-1 to search the Vehicle.

    c. Around this time, the backup unit arrived. Officer-1 asked all of the occupants to exit the Vehicle. After they did so, Officer-1 and the backup officers patted down the occupants; Officer-1 patted down the person sitting in the rear passenger seat, who identified himself ("CC-1"). As Officer-1 patted CC-1 down, Officer-1 observed a large wad of cash in CC-1's pants pocket. CC-1 then ran away from the Vehicle and became a fugitive. In the Vehicle's rear seat, Officer-1 found the identification card belonging to CC-1.

    d. Officer-1 then searched the Vehicle. On the floor in front of the rear passenger seat, where CC-1 had been sitting before exiting the Vehicle, Officer-1 found a bag. She opened the bag, and found in it loose compressed white powder and numerous glassine envelopes containing powder. Officer-1 and the other officers arrested NEWKIRK and the Front Passenger.

    e. The compressed white powder and glassine envelopes recovered from the bag in the Vehicle were taken to the New Windsor Police Department Headquarters, where the substances field-tested positive for the presence of heroin. I have spoken with law enforcement officers who weighed the loose powder, who told me the powder weighed approximately 100 grams. I have also spoken with law enforcement officers who counted the glassine envelopes, and counted more than 500 envelopes. Based on my training, experience, and participation in this investigation, I know that a glassine envelope of heroin generally has about .025 grams of heroin. In total, between the loose powder and glassine envelopes, I estimate that approximately 115 grams of heroin were recovered from the bag near where CC-1 had been sitting in the Vehicle.

    f. I have also learned from law enforcement officers that a scale and empty glassine envelopes were recovered from the backseat of the Vehicle. Based on my training, experience, and participation in this investigation, I know that those items are commonly used to package heroin for resale.

    g. Upon their arrest, the Front Passenger told law enforcement, post-*Miranda*, that neither the Front Passenger nor NEWKIRK knew CC-1, and had simply picked him up on the street. CC-1 has been charged by federal authorities for the

4

narcotics in the car. NEWKIRK was charged with state drug charges based on the traffic stop, and is currently on state bail.

### JADAIR NEWKIRK'S MARCH 20, 2019 ARREST

6. I have spoken with officers with the Orange County Drug Task Force, who told me that they had performed a series of controlled purchases of narcotics from an individual known to be selling narcotics (the "Seller") during March 2019, in various locations in Newburgh. These controlled purchases were completed by calling a telephone number (the "Telephone Number"), and then arranging to meet with the user of the Telephone Number at a pre-arranged location. During each controlled purchase, the Seller appeared to be the same man. During these controlled purchases, an undercover officer successfully purchased substances, later field-tested as quantities of heroin, from the Seller. However, the Seller wore a mask during the controlled purchases, so the officers could not identify the man. From surveillance, however, the officers were able to identify the car which the Seller used to drive to the purchases, a white Toyota Camry.

7. I have spoken with an investigator with the Orange County Drug Task Force ("Investigator-1"), and spoken with another officer with the Town of New Windsor Police Department ("Officer-2"), who told me, in sum and substance and in part, the following:

a. On or about March 20, 2019, the Orange County Drug Task Force had the undercover officer call the Telephone Number and arrange another meeting so that the undercover could purchase narcotics.

b. Sometime soon afterwards, the undercover officer working with the Orange County Drug Task Force drove to the arranged meeting location in Newburgh. A man drove up in a white Toyota Camry (the "Camry"). The man exited the Camry, entered the undercover's car and exchanged a substance for money from the undercover. The man then left the undercover's car, and entered back into the Camry. The man began driving, but was followed by two cars with officers with the City of Newburgh Police Department. The officers turned on their lights, in order to stop the Camry and identify the man who had just sold the undercover what was believed to be narcotics.

5

c. The Camry thereafter accelerated and sped away. An officer in one of the cars saw the man driving the Camry throw something out of the window; that officer's car stopped and found a package containing numerous glassines of powder. The other car continued to follow the Camry. At some point, the Camry stopped, and the driver exited and began running. A few minutes later, he was stopped by the City of Newburgh K-9 unit. Upon his arrest, he identified himself as JADAIR NEWKIRK, the defendant. In a search incident to arrest, law enforcement found the pre-marked money which had been used by the undercover during the controlled purchase.

d. A law enforcement officer counted approximately 500 glassines thrown out the window by NEWKIRK. The powder in one of the glassines has field-tested positive for the presence of an opioid, namely fentanyl-laced heroin. I believe, based on the weight, that the substance is approximately 12.5 grams of fentanyl-laced heroin.

WHEREFORE, deponent respectfully requests that JADAIR NEWKIRK be arrested and imprisoned or bailed, as the case may be.

_____
ANDREI PETROV
Special Agent
Federal Bureau of Investigation


Sworn to before me this
21th day of March, 2019

_____
THE HONORABLE JUDITH C. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK